UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MARK LABES, | 1:09-cv-01172-LJO-SMS |
| Plaintiff, | **ORDER DETERMINING PLAINTIFF STATES A CLAIM SUFFICIENT FOR SERVICE** (Doc. 1) |
| vs. | |
| OCWEN LOAN SERVICING, LLC, et al., | **ORDER DIRECTING CLERK TO SEND SPECIFIED SERVICE DOCUMENTS TO PLAINTIFF HEREWITH** |
| Defendants. | |
| | **ORDER DIRECTING PLAINTIFF TO COMPLETE AND SUBMIT SERVICE DOCUMENTS TO COURT** |
| | **ORDER DIRECTING CLERK TO FORWARD ANY COMPLETED SERVICE DOCUMENTS SUBMITTED TO MARSHAL FOR SERVICE OF PROCESS** |
| | **ORDER DIRECTING MARSHAL TO SERVE DEFENDANT UPON RECEIPT OF COMPLETED DOCUMENTS** |

Plaintiff is proceeding pro se and in forma pauperis with a civil action in this Court.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c) and 72-303.

Pending before the Court is plaintiff's complaint, filed July 7, 2009.

1

I.   <u>Screening the Complaint</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  <u>Id.</u> at 1949.

2

Determining whether a complaint states a plausible claim for relief is generally a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, – U.S. –, 129 S.Ct. 1937 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. <u>Id.</u> A federal

3

1  court may dismiss a claim as frivolous if it is based on an
2  indisputably meritless legal theory or if the factual contentions
3  are clearly baseless.  Id.
4      The test for malice is a subjective one that requires
5  the Court to determine whether the applicant is proceeding in
6  good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
7  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
8  1986).  A lack of good faith is most commonly found in repetitive
9  suits filed by plaintiffs who have used the advantage of cost-
10 free filing to file a multiplicity of suits.  A complaint may be
11 inferred to be malicious if it suggests an intent to vex the
12 defendants or abuse the judicial process by relitigating claims
13 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
14 (D.C.Cir. 1981); if it threatens violence or contains
15 disrespectful references to the Court, id.; or if it contains
16 untrue material allegations of fact or false statements made with
17 knowledge and an intent to deceive the Court, Horsey v. Asher,
18 741 F.2d 209, 212 (8th Cir. 1984).
19     Here, plaintiff alleges that, with respect to a
20 specified loan, defendant, Ocwen Loan Servicing, LLC, has engaged
21 in conduct which plaintiff alleges violated federal statutes.
22     II.   Service of the Complaint
23     A review of the complaint reveals that if pro se
24 plaintiff's specific allegations are liberally construed in the
25 light most favorable to plaintiff, plaintiff has alleged facts
26 that might support a claim entitling him to relief against
27 defendant, Ocwen Loan Servicing, LLC.
28 //

4

1        Accordingly, the entire action does not fail to state a
2   claim for relief, and the Court will proceed to order the
3   complaint served on behalf of plaintiff.
4           A.   <u>Directions to the Marshal</u>
5           Accordingly, when appropriate service documents
6   are submitted to the Court and forwarded to the Marshal, the
7   United States Marshal SHALL SERVE the complaint.
8           B.   <u>Directions to Clerk and Plaintiff</u>
9           Service IS appropriate for defendant, Ocwen Loan
10  Servicing, LLC.  Accordingly,
11               (1)   The Clerk of Court shall send plaintiff one
12  (1) USM-285 form, one (1) summons, an instruction sheet, a notice
13  of submission of documents form, and one (1) copy of the
14  complaint.
15               (2)   Within thirty (30) days from the date of
16  service of this order, plaintiff shall complete the enclosed
17  Notice of Submission of Documents and submit the completed Notice
18  to the Court, together with the following documents:
19                     a.   Completed summons;
20                     b.   One (1) completed USM-285 form; and,
21                     c.   Two (2) copies of the endorsed complaint.
22          Plaintiff need not attempt service on defendant and
23  need not request waiver of service.
24          Upon receipt of the above-described documents, the
25  Clerk of the Court SHALL FORWARD them to the United States
26  Marshal to serve defendant pursuant to Federal Rule of
27  Civil Procedure 4 without payment of costs.
28  //

Plaintiff's failure to comply with this order will result in a recommendation for dismissal of this action for failure to obey this Court's order.  Local Rule 11-110.

**IT IS SO ORDERED.**

**Dated:  October 20, 2009**                              /s/ Sandra M. Snyder
                                                                                     **UNITED STATES MAGISTRATE JUDGE**