IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MARK LABES,<br><br>           Plaintiff,<br><br>    vs.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>           Defendant.<br>_____/ | CASE NO. CV F 09-1172 LJO SMS<br><br>**ORDER ON F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 8.) |

## INTRODUCTION

Defendant Ocwen Loan Servicing, LLC ("Ocwen") seeks to dismiss as time barred pro se plaintiff Raymond Mark Labes ("Mr. Labes'") purported claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing Regulation Z, 12 C.F.R. §§ 226, et seq. ("Reg. Z"). Ocwen further seeks to dismiss as legally barred Mr. Labes' purported unlawful foreclosure claim based on failure to produce his original promissory note in connection with his Modesto property ("property"). This Court considered Ocwen's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the December 1, 2009 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES this action.

## BACKGROUND

### Mr. Labes' Loan And Default

Mr. Labes executed a November 2, 2005 promissory note payable to Argent Mortgage Company,

LLC in the amount of $302,000. The note was secured by a November 2, 2005 deed of trust encumbering the property.

Mr. Labes defaulted on the promissory note, and Ocwen has pursued non-judicial foreclosure on the property.

### Mr. Labes' Claims

Mr. Labes filed his complaint on July 7, 2009 to attempt to allege TILA claims that the "disclosures made in relation to the consumer credit transaction were not presented in the manner required by law." The complaint alleges that the "homeowner is unsure whether lender still possesses the original debt instrument" and "wants proof os [sic] such authority."

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

Ocwen seeks to dismiss Mr. Labes' purported claims in that Mr. Labes "raises only frivolous arguments in this improper attempt to further delay the foreclosure of his real property."

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

*v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A

1  F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is
2  apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear
3  on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may
4  be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and*
5  *Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

6        For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the
7  complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).
8  Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d
9  at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies'
10 if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)
11 no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450
12 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may
13 assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States*
14 *v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a
15 Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are
16 based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[1] A "court may disregard allegations
17 in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck*
18 *Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston*
19 *Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show
20 that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers,*
21 *Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th
22 Cir. 1997). A court properly may "'take judicial notice of matters of public record outside the
23 pleadings'" and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*,
24 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted). As such, this Court may consider Mr. Labes'
25 pertinent loan and foreclosure documents.

---

[1] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

**TILA Damages – Limitations Period**

Ocwen argues that a TILA damages claim is barred by the one-year limitations period.

A TILA damages claims is subject to 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." "TILA requires that any claim based on an alleged failure to make material disclosures be brought within one year from the date of the occurrence of the violation." *Hallas v. Ameriquest Mortg. Co.*, 406 F.Supp.2d 1176, 1183 (D. Or. 2005). The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008). The Ninth Circuit Court of Appeals noted in *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

Mr. Ocwen consummated his loan on November 2, 2005 and filed his complaint on July 7, 2009, more than three years after his loan transaction to render his TILA damages claim time barred.

**TILA Rescission – Limitations Period**

Ocwen argues that a purported TILA rescission claim is also time barred.

TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986);15 U.S.C. § 1635(a). TILA rescission may be extended up to three years if the lender fails to comply with TILA disclosure requirements. *Semar*, 791 F.2d at 701-702; 15 U.S.C. § 1635(f).

15 U.S.C. § 1635(f) addresses the outer most limit to seek rescission:

> An obligor's right of rescission **shall expire three years after the date of consummation of the transaction** or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years

after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.  (Bold added.)

The United States Supreme Court has described as "manifest" Congress' intent to prohibit rescission after the three-year period has run:

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy. *See Midstate Horticultural Co., supra*, at 360, 64 S.Ct., at 130; *Burnett, supra*, at 427, n. 2, 85 S.Ct., at 1054 n. 2; *Davis v. Mills*, 194 U.S. 451, 454, 24 S.Ct. 692, 693-694, 48 L.Ed. 1067 (1904).

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417, 419, 118 S.Ct. 1408 (1998).

Mr. Labes' rescission remedy expired November 2, 2008, months prior to filing this action, to render a purported TILA rescission claim extinct.

**Original Note Possession**

Mr. Labes' complaint is entitled "Unlawful Foreclosure" and appears to challenge foreclosure of the property on the premise that his original promissory note has not been produced.  Ocwen points out the absence of need to produce an original promissory note for non-judicial foreclosure.

"Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).  A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924i:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

Mr. Labes' challenge to produce his original note is unsupported. The complaint alleges no facts of failure to comply with the statutory scheme for non-judicial foreclosure. A purported unlawful foreclosure claim fails as a matter of law.

**Attempt At Amendment And Malice**

Mr. Labes' claims are insufficiently pled and barred as a matter of law. Mr. Labes is unable to

cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court surmises, especially given Mr. Labes' conduct in the bankruptcy court, that Mr. Labes has brought this action in absence of good faith and that Mr. Labes exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Ocwen;
2. DIRECTS the clerk to enter judgment in favor of defendant Ocwen Loan Servicing, LLC and against plaintiff Raymond Mark Labes; and
3. FURTHER DIRECTS the clerk to close this action.

IT IS SO ORDERED.

Dated:   November 5, 2009                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE